Belknap,
Dec. 5, 1903.

## TAYLOR, *Ex'r*, v. PERKINS & a.

Under a clause in a will directing the division of the remainder of an estate equally among the heirs of the testator, and providing that the share of D. who does not answer the description, shall be held in trust, the latter is not entitled to any part of the residue if the reference to him can be otherwise accounted for and there is no evidence that the word "heirs" was used in any other than a strict legal sense, especially when a different construction would result in an unequal distribution of the fund.

BILL IN EQUITY, for the construction of the will of Daniel B. Sanborn. Transferred from the March term, 1903, of the superior court by *Stone*, J.

By the fifth clause of the will, $1,000 is given to Daniel A. Gale, " in trust, till he is twenty-five years of age." The residuary clause directs the remainder of the estate "to be equally divided among my heirs, the share of Daniel A. Gale to be held in trust in the same manner as the specific bequest heretofore mentioned." The heirs-at-law of the testator are two sisters and two children of deceased sisters. There were specific bequests to each of the heirs, to another niece, and to a nephew, the father of Daniel A. Gale, the latter being a minor and a grandson of a living sister of the testator. At the date of the testator's death, Daniel A. was living in the house with and was employed by him. He was named for the testator, who had made him various presents and had expressed a wish to adopt him, but had not done so.

The executor inquires whether Daniel A. takes any share in the estate under the residuary clause of the will; and if so, what share.

*Leach, Stevens & Couch*, for the executor.

*Burleigh & Adams*, for Ella M. Colby.

*Barron Shirley*, for Perkins, Thompson, and Plummer.

*Martin & Howe*, for Daniel A. Gale.

*Andrew E. Gale, pro se.*

PARSONS, C. J. The word "heir" is technically distinguishable from "legatee" or "devisee," but is sometimes used "in its more general sense, as indicating the person upon whom property

devolves on the death of another" (*Shapleigh* v. *Shapleigh*, 69 N. H. 577, 579); and hence, when the intention is clear, the word, as in the case cited, may sometimes be treated as equivalent to legatee or devisee. In the present case there is nothing to show that the testator, when he directed the residuum of the estate to be equally divided "among my heirs," intended such division to be made among those who had been previously named by him in the will. The inference from the whole will is rather that, so far as the testator desired to change the distribution of his estate which the law would make, he had fully disclosed that intention by the express provisions of the will, and intended the residue to be divided as if there were no will. In addition to the direction that the residuum should "be equally divided among my heirs," the last clause contains the following: "the share of Daniel A. Gale to be held in trust in the same manner as the specific bequest heretofore mentioned." Daniel A. Gale was not an heir of the testator; and it is argued that this provision can be given effect only upon the assumption that the testator intended Daniel A. Gale to share in the residuum, and that the clause should be read as if it were: "to be equally divided among my heirs and Daniel A. Gale." But although Daniel is not included among the testator's heirs, he might have been. When the testator made his will, he could not know what individuals would be entitled to share in the distribution as his heirs. That could not be determined until his death. It happens that the persons entitled as heirs are two sisters and the children of two deceased sisters. Daniel has no share because his father and grandmother survived the testator. When the will was made, there was a possibility that some of the estate might come to him directly. He might have been an heir, although as the event turned he is not. The possibility that some of the estate might come to him as heir explains the limiting clause. Daniel's share, whatever it might prove to be, was to be held in trust. He has no share; hence the limitation has no application.

It is not necessary, in order to give effect to every clause in the will, to conclude that the testator must have understood that Daniel would certainly be entitled. There was a contingency for which the testator provided. If Daniel's claim were correct, and he is now entitled though not included within the term "heir," it can only be because the will makes him a residuary legatee regardless of whether he proved to be an heir or not; and if by the prior decease of his father and grandmother he was in fact an heir, he would be entitled to two shares—one as heir and one as legatee. Such a division would be unequal where the will requires the residuum to be equally divided. It is improbable that

by this provision deferring the direct payment to Daniel the testator intended to give him, in addition to the share to which he might be directly entitled, the same or some other fraction thereof. If Daniel under no possible state of facts could have been included among the testator's heirs, there would be a foundation for the argument of his counsel. The fact that he might have been, although he was not, answers the claim made in his behalf.

Upon the assumption that the instruction of the court is asked as to the proper distribution of a balance in the hands of the executor, the executor is advised that Daniel A. Gale takes nothing under the residuary clause.

*Case discharged.*

All concurred.